# Bardsley versus Lysle.

1. The jurisdiction vested in the federal courts over all proceedings in bankruptcy is exclusive, and no state court can withdraw property which is subject to them, or determine the manner of its distribution.

2. Where a composition has been confirmed in bankruptcy proceedings in the United States District Court, for which the statutory quorum of the creditors in number and amount voted, no subsequent suit for a debt provable in bankruptcy proceedings can be maintained in a state court.

November 12th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas, No. 1 of *Allegheny county :* Of October Term 1883, No. 220.

Assumpsit, by John Bardsley against George Lysle and Addison Lysle, executors of George Lysle deceased, to recover

[Bardsley *v.* Lysle.]

the sum of $2,035.34 with interest from August 4th 1877, being the balance of plaintiff's deposit, at that date, with The Allegheny Savings Bank ; a partnership of which George Lysle, was, previous to his death, a member.

After a special plea had been filed the parties agreed in writing to dispense with trial by jury and to submit the decision of the case to the court, to hear and determine the same, subject to a writ of error, " under the provisions of section 27 of article V. of the Constitution."

The court (STOWE, P. J.) found the facts of the case to be, briefly, as follows :—John Bardsley, the plaintiff, was a depositor in and creditor of The Allegheny Savings Bank at the date of its suspension October 8th 1877, at which time the balance due and owing him by the bank was $2,035.34. The Allegheny Savings Bank was a copartnership association in which the copartners were individually liable for the debts. George Lysle was one of the copartners ; and at the date of his death, January 12th 1877, was the owner of two shares of the capital stock of the Savings Bank. By his will, duly proved January 25th 1877, he appointed the defendants his executors, and they duly administered his estate in accordance with the provisions of his said will. On October 8th 1877, a creditor's petition in bankruptcy was filed in the United States District Court for the Western District of Pennsylvania, against the members of The Allegheny Savings Bank, including the defendants as executors of said George Lysle ; setting forth that the association was insolvent or in contemplation of bankruptcy and praying that they might be adjudged bankrupts under the Act of Congress of March 2d 1867. To this petition the executors of George Lysle filed a plea setting forth " that said George Lysle, the elder, died on January 13th 1877 and that letters testamentary upon the estate of said decedent were granted to these respondents by the register of wills of said Allegheny county, whereby the jurisdiction of the Orphans' Court of said county attached and was and is now over said estate.'' And further, " that before and at the time when said petition by said David-son was filed in this case, they were not, nor neither as they believe was said estate, copartners in the said firm doing business as the Allegheny Savings Bank, in manner and form, &c." On October 13th 1877 the Allegheny Savings Bank presented their petition in the District Court for a meeting of its creditors to consider a proposition for composition, and November 30th 1877 was appointed for the meeting before N. W. Shaffer, Esq., Register. Due notice of this meeting was given in accordance with the Act of Congress. At this meeting a proposition was submitted by the Allegheny Savings Bank to their unsecured creditors providing for an extension of time for the payment

of their claims and for a trustee to collect from the stockholders the several amounts due from them, by the terms of the composition. Malcolm Hay was·elected trustee for the creditors at this meeting, John Bardsley, the present plaintiff being present, and the meeting was adjourned from time to time until February 1st 1878 when the proposition was accepted by the statutory quorum of the creditors in number and amount. A subsequent meeting was held after due notice given by the Register thereof, on July 26th 1878, and the Register certified that the securities offered under the composition had been duly accepted by the required quorum of the creditors.

On August 4th 1878, the Allegheny Savings Bank presented their petition for another meeting of creditors to vary the terms of the composition and correct mistakes in it. A meeting was called for that purpose and after due notice given of it was held on August 26th 1878, when the amendment to the composition was presented to and accepted by the statutory quorum of the creditors; the claim of John Bardsley being counted and certified to, and included in number and amount in making up the statutory quorum. On January 20th 1879, the defendants, in pursuance of the provisions of the composition, paid in cash to the trustee elected the amount required from the estate of their testator, and after the composition proceedings had been confirmed, and the trustee filed of record his certificate of that fact, this present suit was begun on November 9th 1877, the plaintiff retaining his deposit book, and not having received from the trustee any part of the money paid to him under the composition proceedings.

On May 19th 1880, Bardsley presented his petition to the United States District Court setting forth:

"That your petitioner only attended the first meeting of the creditors of said bankrupt and never voted or participated in any subsequent meetings, nor did affiant authorize or empower any one to act for him in any manner at said meetings in bankruptcy of said firm. Your petitioner has just been informed that the records of said bankruptcy proceedings and composition disclose your petitioner's name among those voting for and signing said composition. Your petitioner avers that as he never employed counsel in said proceedings: never voted on the composition or authorized the signing thereof by any one. Your petitioner prays that your honorable court may grant a rule to show cause why said composition proceedings should not be corrected and amended by having your petitioner's name as voting for and signing said composition, stricken out as incorrectly and improperly mentioned and recited therein. Your petitioner avers that said amendment will not assail or attack said composition in any way—enough depositors having voted

[Bardsley *v.* Lysle.]

for said composition to constitute a majority in amount and number without including your petitioner's name, to leave the sufficient majority according to law. Your petitioner avers that he was made aware and advised that by his voting for and signing said composition he would prejudice his suit aforesaid in the Court of Common Pleas No. 1, against said decedent estate, and that he therefore refused and avoided voting for and signing the same, or authorizing any one to do so for him."

The court entered the following decree : "And now, April 20th 1882, this case came on for hearing, and no answer being filed, and it appearing to the court that the name of John Bardsley was, through inadvertence and without authority, signed to the composition proceedings in bankruptcy in this case, it is ordered that this name of said John Bardsley, where so signed, be stricken from the said composition proceedings ; this correction not to prejudice, affect or in any way invalidate said composition proceedings in bankruptcy or of any of the interests of the parties whether as creditors or debtors who are interested therein."

The court (Stowe, P. J.) entered a decree for judgment in favor of defendant.

An exception filed to the decision was overruled by the court, and judgment was entered in favor of the defendant. The plaintiff took this writ of error, assigning for error the said judgment.

*Charles F. McKenna* and *T. C. Lazear*, for plaintiff in error.—A decedent's estate cannot be made a party to involuntary proceedings in bankruptcy. Jurisdiction over claims against decedent's estates is conferred exclusively upon the Orphans' Court: Graves *v.* Winter, 9 B. R. 357. Under the Act of congress of March 2d 1867, § 5, 118, joint debtors are not affected by an Act of bankruptcy committed by one of them : James *v.* Atlantic Delaine Co., 11 B. R. 390.

*D. T. Watson* and *John S. MacConnell*, for defendants in error.—A composition is an absolute agreement between a debtor and his creditors, and is binding on all those named in the schedules, and when said proposition has been complied with by the debtor, is in full satisfaction and payment of said debt : Rev. Statutes §§ 563, 711 ; In re Hinsdale, 16 N. B. R. 550 ; Olcott *v.* McLean, 16 N. B. R. 79 ; Miller *v.* McKenzie, 13 N. B. R. 496. The jurisdiction vested in the District Court is exclusive : Watson *v.* Bank, 11 B. R. 161 ; In re Wallace, 2 B. R. 134 ; Brock *v.* Terrell, 2 B. R. 643 ; Buckingham *v.* McLean, 13 How. 151 ; Phelps *v.* Sellick, 8 B. R. 390 ; Watson *v.*

Savings Bank, 11 B. R. 161; Bidwell v. Bidwell, 92 Pa. St. 61.

Chief Justice MERCUR delivered the opinion of the court, January 7th 1884.

The claim of the plaintiff was a debt against the private banking firm of which the testator was a member during his life. After his death one of the firm petitioned to have the surviving members thereof, and also the estate, of said George Lysle declared bankrupts. The defendant's executors, were required to respond and answer the petition. They appeared and demurred to the jurisdiction of the bankrupt court, and denied its right to interfere with the estate of the decedent, over which the Orphans' Court of the proper county had acquired jurisdiction. The record does not show that any replication thereto was filed, nor that any decision was rendered on the demurrer; but the estate and the executors of Lysle do not appear to be thereafter named in the proceedings until after composition.

At the first meeting of the creditors, held before the register in bankruptcy, his report shows that the plaintiff was present, and acted with the other creditors in matters before the meeting. When a proposition for composition was afterwards presented to the creditors for their action, the name of the plaintiff was attached to the ratification of the same, and the register in certifying to the U. S. District Court the number and names of those creditors who had signed or ratified the composition, included the name of the plaintiff, and the court below in the present case finds as a fact that he was then present, and also at the election of the trustee of the creditors under the proposition for composition. The composition was duly confirmed. The defendants assented to, and ratified it. They paid over to the attorney of the trustee the sum of forty-five hundred dollars in full payment of the contributory share of the decedent's estate in the composition. Thus it is shown that the executors of the deceased copartner became a party to the composition proceedings, and paid over the contributory share of the decedent's estate of the sum agreed to be paid by the composition. They thus waived all their objections, and contributed to the fund for the payment of all the creditors of the bankrupt, the just proportion of the liability of the estate of the decedent.

The plaintiff not only attended the first meeting held before the register in bankruptcy, but also attended the subsequent meeting at which the proposition of composition was made and the trustee thereunder was elected. On a subsequent day to which the meeting was adjourned, the composition was accepted

by the creditors of said debtors, sufficient both in numbers and in amount.

In pursuance of an order of the District Court, a meeting was duly held before the register, of which meeting due notice was given to each creditor of the bankrupt firm. The creditors at that meeting, by vote unanimously accepted the securities offered under the proposed composition, all of which was duly certified by the Register in bankruptcy. It was duly confirmed, and after a modification subsequently made and approved by the court the money was paid for the benefit of all the creditors under the resolution and composition, according to the provisions of section 5103 of the Bankruptcy Act, U. S. Rev. Statutes, 2 ed. 982.

It is true nearly two years after the proceedings were confirmed, and several months after the payment made by the defendants, as before stated, the plaintiff applied to the court showing that his name was signed to the composition proceedings, through inadvertence and without authority; and the court ordered his name where so signed, be stricken from the composition proceedings; yet the court added "this correction not to prejudice, affect, or in any way invalidate said composition proceedings in bankruptcy, or of any of the interests of the parties whether as creditors or debtors who are interested therein." In addition to this cautionary qualification of the order, the plaintiff also averred in his petition that he did not seek to assail or attack the composition in any way, that enough creditors had voted for the composition " to constitute a majority in amount and number without including your petitioner's name, to leave the sufficient majority according to law."

Section 5103, before cited, under which these proceedings were had, inter alia declares : " Such consent and the proceedings under it shall be as binding in all respects on any creditor whose debt is provable who has not signed the same, as if he had signed it, and on any whose debt, if provable, if not proved, as if he had proved it." As the debt due to the plaintiff was unquestionably provable, it is of no consequence whether or not it was actually proved. It is in either case subject to the provisions of the statute. The proposition of composition to all the unsecured creditors, not being stockholders, was to pay the sum specified " as a composition in full satisfaction and payment of the indebtedness of said firm." The fact that the name of the plaintiff was long after stricken from the composition proceedings, did not destroy their conclusive effect on his claim, the payment of which was secured thereby.

The jurisdiction vested in the courts of the United States of all matters and proceedings in bankruptcy, is exclusive : U. S. Rev. Statutes 135 pl. 6; Lathrop's Assignees *v.* Drake et al.,

1 Otto 516. No court of any state court can withdraw the property surrendered or determine the manner of its distribution: Watson *v.* Citizens' Savings Bank, 11 B. R. 161. All the creditors of a bankrupt become at once, by virtue of the bankruptcy, parties to the proceedings, and they and their debts are thereby made subject to the sole and exclusive jurisdiction and control of the bankrupt court: Phelps *v.* Sellick, 8 Id. 390. A composition with creditors duly made and confirmed by the court is binding on all creditors named and made parties: Bidwell *v.* Bidwell, 11 Norris 61. While the composition stands, the creditor who is bound by it cannot maintain an action for the original debt. His remedy for relief against the effect of the composition must be sought in the U. S. court only : Id.; Deford *v.* Hewlett, 18 N. B. R. 518. No portion of the estate of the decedent had been distributed by the Orphans' Court, when the proceedings in bankruptcy were commenced. The whole assets of the firm remained in the hands of the surviving copartners. The fund was then within the grasp of the Bankrupt Court. Under the composition the plaintiff became entitled to his ratable share of the sum thereby secured and paid. Without reviewing the multitude of cases cited, and others not cited, we think the learned judge correctly held that the plaintiff could not recover in this action.

Judgment affirmed.